1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916)554-2700

5  Attorneys for Plaintiff

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,       )
                                   ) 2:12-cv-00815-WBS-GGH
12         Plaintiff,              )
                                   )
13    v.                           ) JOINT STATUS REPORT, REQUEST
                                   ) FOR STAY, AND ORDER THEREON
14 REAL PROPERTY LOCATED AT 17293  ) [PROPOSED]
   WILDCAT TRAIL, RACKERBY,        )
15 CALIFORNIA, YUBA COUNTY,        )
   APN: 050-190-010, INCLUDING ALL )
16 APPURTENANCES AND IMPROVEMENTS  )
   THERETO,                        )
17                                 )
           Defendant.               )
18 _____)

19     The parties submit the following Joint Status Report,

20 Request for Stay, and Order Thereon (Proposed) pursuant to the

21 Court's March 30, 2012 Order:

22

23     **a. Summary of Claims**

24     On March 20, 2012, the United States filed a civil

25 forfeiture complaint against the above-entitled real property

26 based on a federal search warrant executed on October 13, 2011.

27 The search of the property revealed a substantial marijuana grow

28 and cultivation operation.  As a result of the search warrant and

                                1   Joint Status Report, Request for Stay,
                                       and Order Thereon [Proposed]

statements made by the marijuana grower, the United States seeks forfeiture of the property under 21 U.S.C. § 881(a)(7) based on violations of the federal Controlled Substances Act.

The defendant property is an eighty acre rural parcel with one residence owned by Jeffrey Hurd, Nancy Hurd, and Judy Lewis as joint tenants.

Jeffrey Hurd, Nancy Hurd, and Judy Lewis, filed claims on May 18, 2012 and answers on June 6, 2012.

**b.   Service**:

The forfeiture complaint *in rem* was sent to all individuals believed to have an interest in the defendant properties.  In addition, notice by publication is complete, as reflected in a declaration of publication filed June 11, 2012.

**c.   Possible joinder of additional parties**:

None Anticipated.

**d.   Any expected or desired amendment of pleadings**:

None anticipated at this time.

**e.   Jurisdiction and venue**:

This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).  Venue is proper in this district pursuant to 28 U.S.C. § 1355 and  28 U.S.C. § 1395(a).

**f.   Anticipated motions and suggested dates**:

In light of the parties' joint request for a three month

stay (see below), the parties do not request that motion dates be scheduled at this time.

**g.  Anticipated and outstanding discovery:**

(1) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made:

(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues:

(3) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure of the Local Rules, and what other limitations should be imposed:

As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are now exempt from the initial disclosure requirements applicable to most other civil actions.  See Fed. R. Civ. P. 26(a)(1)(E)(ii).

In addition, rather than fully schedule this case at this time, the parties jointly request a three month stay of further proceedings in this matter.

The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i).  The United States contends that the defendant property was used to facilitate the cultivation of marijuana.  To date, several individuals have been charged with federal criminal crimes related to marijuana cultivation at nearby properties, Case Nos. 2:11-CR-0275-JAM-DAD and 2:11-CR-0276-JAM-DAD;  but Jeffrey Hurd, Nancy Hurd, and Judy Lewis have not been charged with any criminal offense by state, local, or federal authorities.  It is the United States' position

that the statute of limitations has not expired on potential criminal charges relating to the marijuana grow at the defendant property. Nevertheless, the United States intends to depose claimants regarding their ownership of the defendant property, as well as their knowledge and participation in large scale marijuana cultivation, including the marijuana grow at the defendant property. The United States also intends on deposing others involved in the marijuana grow at the defendant property in October 2011. If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant property, or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves. If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

In addition, claimants intend to depose the law enforcement officers involved in the criminal investigation. Allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to investigate potential criminal violations in this case and others associated with the marijuana grows uncovered in October 2011. The same is true with respect to written discovery that could be issued by the United States and claimants.

Accordingly, the parties recognize that proceeding with this action at this time has potential adverse affects on the investigation of the underlying criminal conduct and/or upon the claimants' ability to prove their claims to the property and

assert any defenses to forfeiture.  For these reasons, the parties jointly request that this matter be stayed for three months.  At that time the parties will advise the court of the status of the criminal investigation and will advise the court whether a further stay is necessary.

    **h.  Scheduling of future proceedings, including suggested timing of the disclosure of expert witnesses and information required by Rule 26(a)(2), completion dates for discovery and law and motion, and dates for final pretrial conference and trial:**

In light of the requested stay, the parties ask that the case not be scheduled at this time.

    **i.  Appropriateness of special procedures:**

Not applicable.

    **j.  Estimate of trial time:**

Plaintiff estimates that a trial of this matter would take no more than three days.

    **k.  Whether the case is related to any other case, including any matters in bankruptcy:**

On March 30, 2012, the United States filed a notice to relate this *in rem* action to *United States v. Sean Farrell, et al.*, 2:12-CR-00076-WBS.

///
///
///
///
///

    l.   **Any other matters that may add to the just and expeditious disposition of this matter:**

None.

Dated: 7/6/12                          BENJAMIN B. WAGNER
                                       United States Attorney


                                       By: /s/ Kevin C. Khasigian
                                           KEVIN C. KHASIGIAN
                                           Assistant U.S. Attorney



Dated: 7-6-12                           /s/ Todd A. Murray
                                        TODD A. MURRAY
                                        Attorney for claimants

                                        (Original signatures retained
                                        by attorney)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) for three months. On or before October 9, 2012, the parties shall file a Joint Status Report.  The Scheduling Conference is continued to **October 29, 2012 at 2:00 p.m.**
IT IS SO ORDERED.


Dated:  July 6, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE