BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 17293 WILDCAT TRAIL, RACKERBY, CALIFORNIA, YUBA COUNTY, APN: 050-190-010, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO ,<br><br>Defendant. | 2:12-CV-00815-WBS-GGH<br><br>REQUEST FOR EXTENSION OF STAY OF FURTHER PROCEEDINGS AND **ORDER** |

The United States of America and Jeffrey Hurd, Nancy Hurd and Judy Lewis (hereafter referred to collectively as "claimants") submit the following Request for Extension of Stay of Further Proceedings and Proposed Order.

This matter was previously stayed on July 6, 2012, based on the on-going criminal investigation into marijuana cultivation at 17293 Wildcat Trail, Rakerby, California (hereafter "defendant property"). To date, several individuals have been charged with federal criminal crimes related to marijuana cultivation at nearby properties, Case Nos. 2:11-CR-0275-JAM-DAD and 2:11-CR-0276-JAM-DAD; but Jeffrey Hurd, Nancy Hurd, and Judy Lewis have not been charged with any criminal

offense by state, local, or federal authorities.

    1.     The claimants have filed claims and answers to the defendant property.

    2.     The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i).  The United States contends that the defendant property was used to facilitate the cultivation of marijuana.

    3.     It is the United States' position that the statute of limitations has not expired on potential criminal charges relating to the marijuana grow at the defendant property.  Nevertheless, the United States intends to depose claimants regarding their ownership of the defendant property, as well as their knowledge and participation in large scale marijuana cultivation, including the marijuana grow at the defendant property.  The United States also intends on deposing others involved in the marijuana grow at the defendant property in October 2011.  If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant property, or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves.  If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

    4.     In addition, claimants intend to depose the law enforcement officers involved in the criminal investigation.  Allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to investigate potential criminal violations in this case and others associated with the marijuana grows uncovered in October 2011.  The same is true with respect to written discovery that could be issued by the United States and claimants.

    5.     The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimants' ability to prove their claim to the property and to assert any defenses to forfeiture.  For these reasons, the parties jointly request that the matter be

stayed until January 9, 2013, in accordance with the terms of this stipulation. At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

Dated: 10/2/2012	BENJAMIN B. WAGNER
	United States Attorney

	By:	/s/ Kevin C. Khasigian
		KEVIN C. KHASIGIAN
		Assistant U.S. Attorney

Dated: 10/2/2012		/s/ Todd A. Murray
		TODD A. MURRAY
		Attorney for claimants
		Jeffrey Hurd, Nancy Hurd and Judy Lewis

		(As authorized by email)

ORDER

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i) until January 9, 2013. On or before January 9, 2013, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: October 2, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE